Henderson, Judge.
 

 It does not appear upon the record for what cause the depositions were rejected. If because the presiding Judge conceived, that in
 
 this case?
 
 he had not the power to decide on the question of notice, I think he erred, and that this Court can interfere j but if. he thought the notice too short, it was matter for his discretion, and this Court cannot interfere. I say in
 
 this case,
 
 for in ordinary cases, the question of fixing the time of notice belongs to the Judge or Court which orders the commissions
 
 ;
 
 bat it appearing in 1his case from an entry on the record, that commissions were to issue to both parties, and nothing being said about ¡lo-tice, it was thereby virtually agreed by the parties, that if they should disagree on this point, it should he decided by the Judge who presided when they were offered ip evidence, for who else was there to decide 1 And besides, if the law was so imperative that the consent of the parties could not confer this power, the Court would grant a new trial, as the only mode by which one party should not obtain an advantage by violating his agreement relative to the conducting of the cause 5 but it may he, that the Judge acted on the other ground, to-wit, he
 
 *409
 
 thought the time of notice too short — if so, this Court cannot interfere.
 

 I think that the declarations of Cherry made in the absence of the Plaintiff, ought not to ha1.been received, but had it been a mere abstract queslior as to the residence of Cherry, that fact depending so^Mich on intent, declarations accompanying and explain?lory of acts were admissible* then they are properly a part of the thing done; but the question here was not. whether Cherry resided in Martin or Tennessee, but whether tho oath that the Plaintiff had sworn to, jo-wit, that he was a resident of Martin, w as falso and corrupt. The mero declarations of Chewy made in his absence, and which ne-v"!' came in the knowledge of the Plaintiff, ought not. to affect him ; but it is said, that after having proven Cherry’s residence not to be in Martin, hv•hose declarations, (for by offering the declarations, it is admitted that the evidence is not sufficient without them,) they will after-wards bring home a knowledge of these declarations to the Plaintiff. 'The, same evidence which would do this, would prove that Cherry made them; such therefore, could not be their object, but to mislead; for if they .should fail to bring the knowledge, home to Cherry, the evidence ought not to weigh any thing, and yet what power could efface, its impressions from the Jury. It would be in vain that the Judge should tell Ihcui to disregard it; the impression is ¡nade upon their minds, and it cannot be effaced. I ibeveforo think that a new trial should be granted.
 

 Taylor, Chief-Justice, concurred.